IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| PEER STREET, INC., et al., ) | Case No. 23-10815 (LSS) |
| ) | (Bankr. BAP No. 24-0001) |
| Debtors. ) | |
| _____ | |
| SEAN KRISTIAN TARPENNING, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | C.A. No. 24-121 (MN) |
| ) | |
| PEER STREET, INC., et al., ) | |
| ) | |
| Appellees. ) | |

## <u>MEMORANDUM OPINION</u>

Sean Kristian Tarpenning, pro se appellant.

P. Bradley O'Neill, Caroline Gange, KRAMER LEVIN NAFTALIS & FRANKEL LLP, New York, New York; Joseph M. Barry, Ryan M. Bartley, S. Alexander Faris, Shella Borovinskaya, Carol E. Cox, YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, DE – Attorneys for appellees.

March 24, 2025
Wilmington, Delaware

NOREIKA, U.S. DISTRICT JUDGE:

This dispute arises in the chapter 11 cases of Peer Street, Inc. ("Peer Street") and certain affiliates (together, "the Debtors"). Pending before the Court is an appeal filed by pro se appellant Sean Tarpenning with respect to the Bankruptcy Court's *Order (I) Enforcing the Protections of 11 U.S.C. § 362; (II) Deeming Lis Pendens Void Ab Initio; and (III) Granting Related Relief* (Bankr. D.I. 770)[1] (A363-A365) ("the Stay Enforcement Order"), which was entered in the chapter 11 cases on January 17, 2024, following the Bankruptcy Court's bench ruling at the January 16, 2024 hearing. (*See* A366-A382 ("1/16/24 Tr.") at 13-18 ("Bench Ruling"). The appeal is fully briefed. (D.I. 8, 10). Appellant did not file a reply brief. No party requested oral argument. (D.I. 11).

## I.    BACKGROUND

### A.    The Parties and the Sale Order

Appellant was formerly the principal of US Real Estate Equity Builder, LLC ("USREEB") and its affiliate, US Real Estate Equity Builder Dayton, LLC ("USREEB Dayton" and, together with USREEB, "the USREEB Debtors"). USREEB was the borrower on a mortgage on commercial property located at 440 East 63rd Street, Kansas City, Missouri 64110 ("the Property"), pursuant to which Peer Street's affiliate, PS Funding, Inc. ("PSFI") was the mortgagee. (A204). Appellant personally guaranteed the loan, and, in August 2019, the loan went into default. (*Id*.).

On November 19, 2019, Appellant, individually and as a member of various affiliated entities, including the USREEB Debtors, filed a Verified Petition ("the Verified Petition") (A223)

---

[1]    The docket of the Chapter 11 cases, captioned *In re Peer Street, et al.*, Case No. 23-10815 (LSS) (Bankr. D. Del.) is cited herein as "Bankr. D.I. __." The appendix filed in support of appellees' answering brief (D.I. 8-1 & 8-2) is cited herein as "A__."

in the Circuit Court of Jackson County, Missouri at Kansas City, against PSFI, among others. The Verified Petition asserted claims arising out of lending transactions among the parties, including transactions in connection with the Property. (A223-43).

On October 2, 2020, Appellant put the USREEB Debtors into chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Kansas (Case No. 20-21358) ("the Kansas Bankruptcy Court" and, such bankruptcy, "the USREEB Bankruptcy"). (A204). At the time, the Property was owned by USREEB (whose principal was Appellant) and became the property of USREEB's bankruptcy estates. *See* 11 U.S.C. § 541. Appellant was quickly removed as the principal of the USREEB Debtors for "cause" and replaced with a chapter 11 trustee ("the Chapter 11 Trustee"), who is responsible for overseeing the USREEB Bankruptcy. (A205).

On July 6, 2022, the Chapter 11 Trustee filed a motion seeking approval to sell the Property to PSFI free and clear of all liens, claims, and encumbrances. Appellant was provided notice and objected to the motion both in his individual capacity and separately on behalf of another affiliated entity, 1 Big Red, LLC ("1 Big Red also asserts a purported mechanic's lien to the Property. However . . . such lien is defective on its face . . . ."). (*See* A281-A301 ("the Sale Order") ¶ 24.)

On July 27, 2022, the Kansas Bankruptcy Court entered the Sale Order, over Appellant's objection, authorizing the sale of the Property to PSFI free and clear of all liens, claims and encumbrances. The Sale Order provides that the sale of the Property to PSFI was:

> free and clear of all liens, claims, encumbrances, and other interests . . . and effective transfer of the Property . . . will vest [PSFI] with all of the Debtor's rights, title, and interest in and to the Property free and clear of all liens, claims, encumbrances, and other interests . . . which have, or could have, been asserted by the Debtor, its creditors, or other holders of such liens, claims, encumbrances, and other interests.

(*Id*. ¶ 21). In other words, the Sale Order authorized PSFI to acquire the Property free and clear of the claims asserted in the Verified Petition. The Kansas Bankruptcy Court set forth in its conclusions of law that:

> [T]he transfer of the Property to the Purchaser . . . vest[s] Purchaser with all rights, title, and interest of the Debtor's estate in and to the Property . . . ***and [shall] be free and clear of liens, claims, encumbrances, and other interests*** . . . including, without limitation, mortgages, restrictions, hypothecations, charges, indentures, loan agreements, instruments, leases, licenses, options, deeds of trust, security interests, conditional sale or other title retention agreements, pledges, liens—including, without limitation, mechanics', materialmens' and other consensual and nonconsensual liens and statutory liens—judgments, demands, encumbrances, rights of first refusal, offsets, contracts, rights of recovery, claims for reimbursement, contribution, indemnity, exoneration, products liability, alter-ego, environmental, or tax, decrees of any Court or foreign or domestic governmental entity, or charges of any kind or nature, if any, including, but not limited to, any restriction on the use, voting, transfer, receipt of income or other exercise of any attributes of ownership, debts arising in any way in connection with any agreements, acts, or failures to act, of the Debtor, its estate, or its predecessors or affiliates, claims (as that term is defined in the Bankruptcy Code), reclamation claims, obligations, liabilities, demands, guaranties, options, rights, contractual or other commitments, restrictions, interests and matters of any kind and nature, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, ***whether arising prior to or subsequent to the commencement of these cases,*** and whether imposed by agreement, understanding, law, equity or otherwise, including claims otherwise arising under doctrines of successor liability . . . .

(*Id*. ¶ 50 (emphasis added)). Notably, the Sale Order also prohibits and enjoins all persons from "taking any action to or adversely affect[ing] or interfere[ing] with . . . the Purchaser's title to or use and enjoyment of the Property." (*Id*. ¶ 51). Finally, the Sale Order provides that, "***on and after the closing date . . . all persons or entities holding liens, claims, encumbrances, or other interests of any kind and nature with respect to the Property are hereby forever barred and***

***estopped from asserting such liens, claims, encumbrances, or other interests of any kind or nature against Purchaser, their successors or assigns, or the Property*.**"  (*Id*. ¶ 53 (emphasis added)).

On August 31, 2022, the Chapter 11 Trustee transferred the Property to PSFI's designee, PSF TX 1, LLC, as evidenced by a recorded Trustee's Deed.  (A333).

### B.    The Chapter 11 Cases and the *Lis Pendens*

On June 26, 2023 ("the Petition Date") Peer Street filed its chapter 11 proceedings in the Bankruptcy Court.  In accordance with Peer Street's ordinary course business practices, on July 6, 2023, PSF TX 1, LLC signed an agreement to sell the Property.  (A208).

On July 24, 2023, Appellant filed a *lis pendens* (A219) ("the *Lis Pendens*") against the Property citing his claims in the Verified Petition in violation and disregard of both section 362 of the Bankruptcy Code and the Sale Order.  At the time Appellant filed the *Lis Pendens*, he was aware of Peer Street's pending chapter 11 cases as he had actively participated in them.  (*See* A1).  The *Lis Pendens* has prevented Peer Street's ability to close on the pending sale of the Property.

### C.    The Stay Enforcement Motion

On September 15, 2023, Peer Street filed the Debtors' Motion for Entry of an Order (I) Enforcing the Protections of 11 U.S.C. § 362; (II) Deeming Lis Pendens Void Ab Initio; and (III) Granting Related Relief  (A199) ("the Stay Enforcement Motion"), pursuant to which Peer Street sought entry of the Stay Enforcement Order.  On January 5, 2024,[2] Appellant filed his

---

[2]    On October 6, 2023, Appellant commenced a voluntary chapter 7 case ("the Ohio Bankruptcy") in the United States Bankruptcy Court for the Southern District of Ohio ("the Ohio Bankruptcy Court"), during which time the Stay Enforcement Motion was stayed. On December 6, 2023, the Ohio Bankruptcy Court entered an order lifting the automatic stay and allowed Peer Street to pursue the Stay Enforcement Motion.

response to the Stay Enforcement Motion (A336), and on January 10, 2024, Peer Street filed its reply in further support of the Stay Enforcement Motion (A355).

On January 16, 2024, the Bankruptcy Court held a hearing ("the Hearing") on the Stay Enforcement Motion.  At the Hearing, the Bankruptcy Court concluded that: (1) it is undisputed that the *Lis Pendens* was filed after the Petition Date (Bench Ruling at 14:1-4); (2) it is undisputed that PSF TX 1, LLC—a debtor in Peer Street's bankruptcy cases—owns the Property (*id.* at 14:5-13); (3) the sale of the Property to Peer Street was free and clear of any claims that were asserted or that could be asserted by Appellant, including those that were asserted in the Verified Petition (*id*. at 14:14-22); (4) any interest Appellant may have had in the lawsuit commenced by the Verified Petition is no longer owned by Appellant, but is instead owned by the chapter 7 bankruptcy estate created when Appellant filed the Ohio Bankruptcy and is controlled by the chapter 7 trustee in that proceeding (*id.* at 14:23-15:9); and (5) the *Lis Pendens* is a clear violation of the automatic stay as an attempt to exercise control over property of Peer Street's estates (*id*. at 15:18-16:3).  With respect to Appellant's assertion during oral argument that Peer Street made unsubstantiated misrepresentations to the Bankruptcy Court regarding the Property, the Bankruptcy Court concluded that "there's been no misrepresentation."  (*See id.* at 16:4-10).

On January 17, 2024, the Bankruptcy Court entered the Stay Enforcement Order, and, on January 30, 2024, Appellant filed his Notice of Appeal.  (D.I. 1).

## II.    **JURISDICTION**

The Court has jurisdiction to hear appeals from all "final judgments, orders, and decrees" of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1).  The Stay Enforcement Order is a final order within the meaning of 28 U.S.C. § 158(a)(1).  *See In re Taylor*, 913 F.2d 102, 104 (3d Cir. 1990) (holding an order is final and immediately appealable if it "fully and finally resolved a discrete set of issues, leaving no related issues for later determination").

The determination of whether the filing of the *lis pendens* over property of Peer Street's bankruptcy estates after the commencement of Peer Street's chapter 11 cases violated § 362(a) of the Bankruptcy Code is a question of law subject to *de novo* review.  *See In re Wettach*, 811 F.3d 99, 104 (3d Cir. 2016) (citation omitted).

III.  **ANALYSIS**

The parties agree that the sole issue on appeal is whether the filing of the *Lis Pendens* against property of Peer Street's bankruptcy estates after the commencement of their chapter 11 cases violated section 362(a) of the Bankruptcy Code.  (*See* D.I. 3 ("Joint Statement of Issues Presented on Appeal")).

A.    **The Bankruptcy Court Correctly Concluded that the *Lis Pendens* Was Filed in Violation of the Automatic Stay and Is, Therefore, Void *Ab Initio***

The automatic stay imposed by section 362(a) of the Bankruptcy Code is "one of the most fundamental protections provided by the Bankruptcy Code, giving the debtor a breathing spell from its creditors."  *In re THG Holdings LLC*, 604 B.R. 154, 160 (Bankr. D. Del. 2019); *see also Mar. Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991) ("The automatic stay . . . gives a bankrupt a breathing spell from creditors by stopping all collection efforts, all harassment, and all foreclosure actions.").  The stay "takes effect at the time the bankruptcy petition is filed, regardless of whether the creditor . . . has knowledge of the bankruptcy[,]" and it needs no court order to be effective.  *In re Keen*, 301 B.R. 749, 753 (Bankr. S.D. Fla. 2003).

The automatic stay enjoins all persons from, among other things: (i) commencing or continuing any judicial, administrative, or other proceeding against the debtor; (ii) exercising control over or attempting to obtain possession of property of the bankruptcy estate; and (iii) taking any action to collect, assess, or recover a claim against the debtor(s) that arose pre-bankruptcy.  *See* 11 U.S.C. § 362(a)(1), (3), (6).

Several courts have concluded that the specific act of filing a *lis pendens* on property of a debtor after the commencement of a bankruptcy proceeding constitutes a violation of section 362 of the Bankruptcy Code.  *See Elbar Invs., Inc. v. Okedokun (In re Okedokun)*, 593 B.R. 469, 529 (Bankr. S.D. Tex. 2018), *subsequently aff'd and remanded*, 968 F.3d 378 (5th Cir. 2020) (finding that creditor who filed *lis pendens* knowing that debtor claimed interest in the property willfully violated the automatic stay by taking action to exercise control over property of the estate); *In re Carr*, 2019 WL 7840665, at *1 (Bankr. M.D.N.C. Nov. 18, 2019) (holding that filing of *lis pendens* after the debtors filed for bankruptcy relief is a violation of the automatic stay provided in 11 U.S.C. § 362(a)(1) and is void *ab initio*); *Crumrine v. Blum (In re Crumrine)*, 261 B.R. 669, 671 n.1 ("[T]he postpetition recording of a lis pendens violates the automatic stay.") (emphasis removed); *In re CNN Dev. Corp.*, 112 B.R. 1, 2 (Bankr. D.R.I. 1990) (finding that filing notice of *lis pendens* subsequent to debtor's chapter 11 petition is an act in violation of the automatic stay and is therefore deemed void); *Thornburg v. Lynch (In re Thornburg)*, 277 B.R. 719, 730 (Bankr. E.D. Tex. 2002) (holding that the provisions of 11 U.S.C. § 362(a) apply to the filing of a notice of *lis pendens*, and finding that, "[o]n the date of the filing of the Notice of Lis Pendens, the Debtor was protected by the automatic stay which was still in effect," and also finding that, "[f]iling of a notice of lis pendens is a judicial action or proceeding as contemplated under 11 U.S.C. § 362(a)(1)[,]" and that the "filing of the notice of lis pendens constitutes an act to create, perfect, or enforce against property of the debtor . . . [and] is an act to collect, assess, or recover a claim . . . .") (citing 11 U.S.C. §§ 362(a)(5) and (6)) (internal quotation marks omitted).  Moreover, acts taken in violation of the automatic stay are void *ab initio* under applicable Third Circuit precedent. *See Mar. Elec. Co.*, 959 F.2d at 1207 (holding that, absent relief from the automatic stay, "judicial acts and proceedings against the debtor are void *ab initio*").

For example, in *In re Carr*, a certain creditor filed a state court complaint and attendant *lis pendens* after the filing of the debtors' bankruptcy cases. 2019 WL 7840665, at *1. The debtors sought to have a postpetition *lis pendens* declared void *ab initio* because of the shadow it casted on potential sales of estate property. *Id.* Although the debtors did not specifically request a finding that the filing of the complaint and *lis pendens* violated the automatic stay, the *Carr* court raised the issue *sua sponte*, finding that "[t]he Motion and exhibits demonstrate clearly that the Creditor filed her complaint and the accompanying lis pendens after the Debtors filed for bankruptcy relief" and that "the Creditor's state-court filings [are] violations of the automatic stay provided in 11 U.S.C. § 362(a)(1)." *Id.* Accordingly, the *Carr* court held that the state-court filings were void. *Id.* at *2.

Similarly, in *In re Thornburg*, a chapter 13 debtor sought to declare a postpetition *lis pendens* filed against his real property void as being a violation of the automatic stay. 277 B.R. at 723. The *Thornburg* court observed that the "effect of filing a Notice of Lis Pendens . . . is the functional equivalent of an involuntary lien as it acts as a cloud on title[.]" *Id.* at 729 (internal quotation marks and citation omitted). Furthermore, the court found that the effect of a *lis pendens* is constraining on the owner of real property and that the result, for "all practical purposes," is that it is "virtually impossible to sell or mortgage the property because the interest of a purchaser or mortgagee would be subject to the eventual outcome of the lawsuit." *Id.* (internal quotation marks and citation omitted). Notably, the court found that regardless of whether a *lis pendens* is construed as notice or an involuntary lien, it is part of a judicial proceeding, to which the prohibitions of section 362 of the Bankruptcy Code apply. *Id.* at 730. Specifically, the court found that the "filing of the notice of lis pendens was a commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case . . . to recover a claim against the debtor[.]" *Id.* (emphasis removed) (internal quotation

marks omitted). Therefore, the court found that the filing of the *lis pendens* was a violation of the automatic stay and held that the *lis pendens* was void *ab initio*. *Id.* at 731.

Similar to these cases, Appellant's filing of the *Lis Pendens* is a violation of the automatic stay and is void *ab initio*. The *Lis Pendens* is predicated on the claims asserted in the Verified Petition and its filing is the continuation of a judicial action that was commenced prior to the Petition Date in violation of section 362(a)(1) of the Bankruptcy Code. Moreover, the *Lis Pendens* frustrated and delayed Peer Street's sale of the Property and is, therefore, an act taken to exercise control over property of the estate. *See* 11 U.S.C. § 362(a)(3).

Appellant cites three cases in support his argument that the filing of the *Lis Pendens* did not violate the automatic stay, including *In re Prall*, cited as 574 B.R. 211, 220 (Bankr. W.D. Wash. 2017). The Court has been unable to locate this decision. Appellant further cited *In re Allnutt*, 220 B.R. 871, 884 (Bankr. D. Md. 1998) to stand for the proposition that a *lis pendens* does not violate the automatic stay if it neither "seizures [sic] property of the estate nor imposes a new lien after the petition date." *Allnutt* does not contain the quoted language, nor did the *Allnutt* court consider violations of the automatic stay. Accordingly, *Allnutt* lends no support to Appellant's position. Lastly, Appellant cited *Houska v. Frederick*, 447 S.W.2d 514 (Mo. 1969) to support the argument that Missouri law recognizes that a *lis pendens* may be filed to protect equitable interests. Peer Street does not take issue with the statement that Missouri law recognizes circumstances under which filing a *lis pendens* is appropriate. Rather, Peer Street contends that filing the *Lis Pendens* after the commencement of its chapter 11 cases was not appropriate and a violation of established bankruptcy law. *Houska* was not a bankruptcy case, did not involve or analyze a postpetition *lis pendens* filed after the commencement of a debtor's bankruptcy case and its implications with respect to the automatic stay, and is, therefore, not relevant to the issue on appeal.

B. **Appellant's Remaining Arguments Lack Merit**

Appellant raises several additional arguments not identified in the Joint Statement of Issue Presented on Appeal. These arguments are unavailing.

1. **The Bankruptcy Court Did Not Fail to Consider Appellant's Equitable Interest**

Appellant's first argument centers on the release of deed of trust (A343) ("the Release of Deed of Trust") which was executed by PSFI to effectuate the sale of the Property in the Kansas Bankruptcy Court. Appellant argues that "[t]he Bankruptcy Court failed to adequately consider evidence that Appellant held an equitable interest in the [P]roperty arising from the deed of trust language," which provides: "Notwithstanding this Release of Deed of Trust, the debt heretofore secured by the Deed of Trust shall remain in full force and effect and is not canceled or satisfied." (D.I. 10 at 5). According to Appellant, "[t]his language clearly evinces intent to preserve Appellant's mortgage obligations even if the deed of trust is released." (*Id*.). "Under Missouri law," Appellant contends, "this created an equitable mortgage or interest separate from the deed itself." (*Id*.).

The Bankruptcy Court considered and properly rejected Appellant's argument that the Release of Deed of Trust somehow preserved Appellant's "equitable interest" in the Property. The Bankruptcy Court further advised the parties that this argument did not weigh its ruling on the Stay Enforcement Motion. (*See* Bench Ruling at 16:11-20). The Court agrees. The Release of Deed of Trust was executed on August 30, 2022, at which time Appellant's interest in t`he Property was already extinguished by virtue of the Sale Order. Moreover, PSFI executed the Release of Deed of Trust to release its lien on the Property while preserving its unsecured deficiency claim in the USREEB Bankruptcy. Accordingly, the Release of Deed of Trust was executed for ***PSFI's benefit*** and not to "preserve" an interest that Appellant no longer had.

### 2.    The Bankruptcy Court Did Not Misinterpret the Sale Order

Appellant further argues that the Bankruptcy Court "misconstrued" the Sale Order "as terminating Appellant's equitable rights when [§] 541(d) protects prepetition equitable interests from becoming estate property." (*See id.* at 5-6). Appellant asserts that, under § 541(d) of the Bankruptcy Code, "when a debtor only holds bare legal title to property—not an equitable interest—the property becomes estate property only to the extent of the debtor's legal title." (*Id.* at 5). Because the Debtor "only ever possessed bare legal title," Appellant reasons, "[§] 541(d) dictates that the sale order could not impact Appellant's superior equitable interest." (*Id.*).

This argument is misplaced. Appellant filed objections to the free and clear nature of the sale of the Property in the USREEB Bankruptcy and was overruled by the Kansas Bankruptcy Court. The effect of the Sale Order is not subject to this appeal, and Appellant's filing of the *Lis Pendens*, independent of the fact that he has no interest in the Property by virtue of the Sale Order, is a violation of the automatic stay and, therefore, void *ab initio*.

### 3.    The Debtors Had Authority to Sell the Property Free of Appellant's Purported Interest

Appellant argues that the Bankruptcy Court failed to recognize that the Debtors lacked authority to sell the Property free of Appellant's interest because the Debtors "only held bare legal title before the bankruptcy." (*See* D.I. 10 at 6). According to Appellant, under the Delaware Code, holding legal title does not confer full rights to sell or encumber property free of other parties' equitable interests. (*Id.* (citing 6 Del. Code Ann. § 9-203)). Had the Bankruptcy Court understood and appreciated the alleged status of Peer Street's "bare legal title," Appellant claims that it would have appreciated that the Sale Order prevented Peer Street's ability to sell the Property and ruled differently. The record, however, provides ample support for the finding that Peer Street owns the Property. (A332). Appellant has offered no evidence to contravene Peer Street's ownership or

support his contention that Peer Street holds "bare legal title."  Even assuming there was support, this argument does not suggest that the Bankruptcy Court erred in finding that the filing of the *Lis Pendens* was a violation of the automatic stay and, therefore, void *ab initio*.

III.  **CONCLUSION**

For the reasons set forth herein, Appellant's arguments lack merit, and the Stay Enforcement Order will be affirmed.  An appropriate order follows.